CP:SH/JL
F.#2004R02065/OCDETF# NY-NYE-0437

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

\- against -

DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall,"

Defendants.

\- - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 04-706 (S-6)(DGT)
(T. 18, U.S.C., §§ 924(c)(1)(A)(iii), 924(j)(1), 1951(a), 1958, 1959(a)(1), 1959(a)(5), 1962(c), 1962(d), 1963, 3591(a), 3592(c), 3593(a)(2), 2 and 3351 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(iii), and 846)

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ JAN 24 2008 ★
BROOKLYN OFFICE

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

At all times relevant to this Superseding Indictment:

The Cash Money Brothers

1. The defendants DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, were members and associates of a criminal organization, referred to in this Superseding Indictment as the "Cash Money Brothers," the "CMB" or the "enterprise," whose members and associates engaged in acts involving murder, robbery, kidnapping and narcotics trafficking. The CMB operated in Brooklyn, New York and elsewhere.

2. The defendant DAMION HARDY was the leader of the Cash Money Brothers, the defendant AARON GRANTON was a member of the CMB and the defendant ABUBAKR RAHEEM was an associate of the CMB. The defendants participated in unlawful activities and other activities in furtherance of the conduct of that enterprise's affairs.

3. The Cash Money Brothers, including its leaders, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Sections 1959(b)(2) and 1961(4), that is, a group of individuals associated in fact. The CMB engaged in, and its activities affected, interstate and foreign commerce. The CMB constituted an ongoing organization whose leaders, members and associates functioned as a continuing unit for the common purpose of achieving the objectives of that enterprise.

The Purposes of the Cash Money Brothers

4. The leaders, members and associates of the Cash Money Brothers sought, among other things, to:

a. Enrich members and associates of the CMB through the distribution of narcotics, including cocaine base and heroin;

b. Enrich members and associates of the CMB through the commission of robberies;

c. Preserve and protect the CMB's drug trafficking operations and profits and its other criminal ventures through

the use of violence and threats of violence against rivals and members of rival criminal organizations, suspected informants and potential witnesses; and

d. Promote and enhance the prestige, reputation and position of the CMB with respect to rival criminal organizations and narcotics traffickers.

Means and Methods of the Cash Money Brothers

5. The defendants DAMION HARDY, AARON GRANTON and ABUBAKR RAHEEM and other members and associates of the Cash Money Brothers participated in and conducted the affairs of the CMB by the following means and methods, among others:

a. Distributing retail quantities of narcotics, including cocaine base and heroin;

b. Committing, attempting to commit, conspiring to commit and threatening to commit acts of violence, including murders, robberies and kidnappings, to protect and expand the CMB's criminal operations; and

c. Using and threatening to use physical violence against various individuals, including rivals and members of rival criminal organizations, suspected informants and potential witnesses.

COUNT ONE
(Racketeering)

6. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between 1991 and August 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, being persons employed by and associated with the Cash Money Brothers, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

RACKETEERING ACT ONE
(Distribution of Cocaine Base)

8. The defendants DAMION HARDY and AARON GRANTON committed the following acts, either one of which alone constitutes Racketeering Act One:

A. Conspiracy to Distribute Cocaine Base

9. In or about and between 1991 and August 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY and AARON GRANTON, together with others, did knowingly and intentionally conspire to distribute a controlled substance, which offense involved 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

B. Distribution of Cocaine Base

10. In or about and between 1991 and August 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY and AARON GRANTON, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

RACKETEERING ACT TWO
(Attempted Murder of Jane Doe)

11. The defendant DAMION HARDY committed the following acts, either one of which alone constitutes Racketeering Act Two:

A. Conspiracy to Murder Jane Doe

12. In or about April 1994, within the Eastern District of New York and elsewhere, the defendant DAMION HARDY, together with others, did knowingly and intentionally conspire to cause the death of Jane Doe, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. Attempted Murder of Jane Doe

13. On or about April 27, 1994, within the Eastern District of New York, the defendant DAMION HARDY, together with others, did knowingly and intentionally attempt to cause the death of Jane Doe, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT THREE
(Attempted Murder of John Doe #1)

14. The defendant DAMION HARDY committed the following acts, either one of which alone constitutes Racketeering Act Three:

A. Conspiracy to Murder John Doe #1

15. In or about September 1995, within the Eastern District of New York and elsewhere, the defendant DAMION HARDY, together with others, did knowingly and intentionally conspire to cause the death of John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. Attempted Murder of John Doe #1

16. On or about September 8, 1995, within the Eastern District of New York, the defendant DAMION HARDY, together with others, did knowingly and intentionally attempt to cause the death of John Doe #1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT FOUR
(Murder of Michael Colon)

17. The defendant DAMION HARDY committed the following acts, either one of which alone constitutes Racketeering Act Four:

A. Conspiracy to Murder Michael Colon

18. On or about and between April 14, 1998 and April 15, 1998, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DAMION HARDY, together with others, did knowingly and intentionally conspire to cause the death of Michael Colon, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. Murder of Michael Colon

19. On or about and between April 14, 1998 and April 15, 1998, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DAMION HARDY, together with others, with intent to cause the death of Michael Colon, caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT FIVE
(Murder of Darryl Baum)

20. The defendants DAMION HARDY and AARON GRANTON committed the following acts, either one of which alone constitutes Racketeering Act Five:

A. Conspiracy to Murder Darryl Baum

21. In or about June 2000, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY and AARON GRANTON, together with others, did knowingly and intentionally conspire to cause the death of Darryl Baum, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. Murder of Darryl Baum

22. On or about June 10, 2000, within the Eastern District of New York, the defendants DAMION HARDY and AARON GRANTON, together with others, with intent to cause the death of Darryl Baum, caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT SIX
(Murder of James Hamilton)

23. The defendants DAMION HARDY, AARON GRANTON and ABUBAKR RAHEEM committed the following acts, either one of which alone constitutes Racketeering Act Six:

A. Conspiracy to Murder James Hamilton

24. In or about and between June 2000 and August 2000, both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendants DAMION HARDY, AARON GRANTON and ABUBAKR RAHEEM, together with others, did knowingly and intentionally conspire to cause the death of James Hamilton, also known as "JR," in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. Murder of James Hamilton

25. On or about August 1, 2000, within the Eastern District of New York, the defendants DAMION HARDY, AARON GRANTON and ABUBAKR RAHEEM, together with others, with intent to cause the death of James Hamilton, also known as "JR," caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT SEVEN
(Murder of Ivery Davis)

26. The defendants DAMION HARDY and AARON GRANTON committed the following acts, either one of which alone constitutes Racketeering Act Seven:

A. Conspiracy to Murder Ivery Davis

27. In or about and between June 1999 and August 2000, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY and AARON GRANTON, together with others, did knowingly and intentionally conspire to cause the death of Ivery Davis, also known as "Peanut," in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. Murder of Ivery Davis

28. On or about August 10, 2000, within the Southern District of New York, the defendants DAMION HARDY and AARON GRANTON, together with others, with intent to cause the death of Ivery Davis, also known as "Peanut," caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT EIGHT
(Kidnapping/Robbery of John Doe #2)

29. The defendant DAMION HARDY committed the following acts, any one of which alone constitutes Racketeering Act Eight:

A. Conspiracy to Kidnap John Doe #2

30. On or about February 27, 2002, within the Central District of California and elsewhere, the defendant DAMION HARDY, together with others, did knowingly and intentionally conspire to forcibly, and by other means of instilling fear, take, hold and detain John Doe #2, an individual whose identity is known to the Grand Jury, and carry John Doe #2 into another county or another part of the same county, in violation of California Penal Code Sections 207(a) and 182(a)(1).

B. Kidnapping of John Doe #2

31. On or about February 27, 2002, within the Central District of California and elsewhere, the defendant DAMION HARDY, together with others, did knowingly and intentionally take, hold and detain John Doe #2, by force and by other means of instilling fear, and carry John Doe #2 into another county or

another part of the same county, in violation of California Penal Code Sections 207(a) and 31.

C. Conspiracy to Rob John Doe #2

32. On or about February 27, 2002, within the Central District of California and elsewhere, the defendant DAMION HARDY, together with others, did knowingly and intentionally conspire to take personal property in the possession of John Doe #2, from his person and his immediate presence, and against his will, by means of force and fear, in violation of California Penal Code Sections 211, 212, 212.5(c) and 182(a)(1).

D. Robbery of John Doe #2

33. On or about and between February 27, 2002, within the Central District of California and elswewhere, the defendant DAMION HARDY, together with others, did knowingly and intentionally take personal property in the possession of John Doe #2, from his person and his immediate presence, and against his will, by means of force and fear, in violation of California Penal Code Sections 211, 212, 212.5(c) and 31.

RACKETEERING ACT NINE
(Kidnapping/Attempted Robbery of John Doe #3)

34. The defendant DAMION HARDY committed the following acts, any one of which alone constitutes Racketeering Act Nine:

A. Conspiracy to Kidnap John Doe #3

35. In or about July 2002, within the Eastern District of New York and elsewhere, the defendant DAMION HARDY, together

with others, did knowingly and intentionally conspire to abduct John Doe #3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 135.20 and 105.15.

B. Kidnapping of John Doe #3

36. On or about and between July 10, 2002 and July 11, 2002, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DAMION HARDY, together with others, did knowingly and intentionally abduct John Doe #3, in violation of New York Penal Law Sections 135.20 and 20.00.

C. Conspiracy to Rob John Doe #3

37. In or about July 2002, within the Eastern District of New York and elsewhere, the defendant DAMION HARDY, together with others, did knowingly and intentionally conspire to forcibly steal property from John Doe #3, in violation of New York Penal Law Sections 160.10(1) and 105.10.

D. Attempted Robbery of John Doe #3

38. On or about and between July 10, 2002 and July 11, 2002, within the Eastern District of New York, the defendant DAMION HARDY, together with others, did knowingly and intentionally attempt to forcibly steal property from John Doe #3 while aided by another person actually present, in violation of New York Penal Law Sections 160.10(1), 110.00 and 20.00.

RACKETEERING ACT TEN
(Murder of Tyrone Baum)

39. The defendants DAMION HARDY and ABUBAKR RAHEEM committed the following acts, either one of which alone constitutes Racketeering Act Ten:

A. Conspiracy to Murder Tyrone Baum

40. In or about July 2003, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY and ABUBAKR RAHEEM, together with others, did knowingly and intentionally conspire to cause the death of Tyrone Baum, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B. Murder of Tyrone Baum

41. On or about July 25, 2003, within the Eastern District of New York, the defendants DAMION HARDY and ABUBAKR RAHEEM, together with others, with intent to cause the death of Tyrone Baum, caused his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

COUNT TWO
(Racketeering Conspiracy)

42. The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

43. In or about and between 1991 and August 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, being persons employed by and associated with the Cash Money Brothers, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

44. The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the Cash Money Brothers consisted of the racketeering acts set forth in paragraphs 8 through 41 of Count One, as Racketeering Acts One through Ten, which are realleged and incorporated as if fully set forth in this paragraph. Each defendant agreed that a conspirator would commit at least two racketeering acts in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Murder of Michael Colon)

45. At all times relevant to this Superseding Indictment, the Cash Money Brothers, as more fully described in paragraphs 1 through 5, which are realleged and incorporated as if fully set forth in this paragraph, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The CMB constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the CMB's objectives.

46. The above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of New York law; narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and acts involving robbery, in violation of the laws of New York.

47. On or about April 15, 1998, within the Eastern District of New York, the defendant DAMION HARDY, also known as "World," for the purpose of maintaining and increasing his position in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally murder

Michael Colon, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FOUR
(Murder of Darryl Baum)

48. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

49. On or about June 10, 2000, within the Eastern District of New York, the defendants DAMION HARDY, also known as "World," and AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, for the purpose of maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Darryl Baum, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FIVE
(Conspiracy to Murder James Hamilton)

50. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

51. In or about and between June 2000 and August 2000, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, for the purpose of maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder James Hamilton, also known as "JR," in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT SIX
(Murder of James Hamilton)

52. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

53. On or about August 1, 2000, within the Eastern District of New York, the defendants DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, for the purpose of maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally murder

James Hamilton, also known as "JR," in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT SEVEN
(Conspiracy to Murder Ivery Davis)

54. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

55. In or about and between June 1999 and August 2000, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World" and AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, for the purpose of maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Ivery Davis, also known as "Peanut," in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT EIGHT
(Murder of Ivery Davis)

56. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

57. On or about August 10, 2000, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," and AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, for the purpose of maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Ivery Davis, also known as "Peanut," in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT NINE
(Murder of Johan Camitz)

58. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

59. On or about August 10, 2000, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," and AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, for the purpose of

maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Johan Camitz, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT TEN
(Conspiracy to Murder Tyrone Baum)

60. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

61. In or about July 2003, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, for the purpose of maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Tyrone Baum, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT ELEVEN
(Murder of Tyrone Baum)

62. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

63. On or about July 25, 2003, within the Eastern District of New York, the defendants DAMION HARDY, also known as "World," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, for the purpose of maintaining and increasing their positions in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Tyrone Baum, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT TWELVE
(Conspiracy to Kidnap John Doe #3)

64. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

65. In or about July 2002, within the Eastern District of New York and elsewhere, the defendant DAMION HARDY, also known as "World," together with others, for the purpose of maintaining and increasing his position in the Cash Money

Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to kidnap John Doe #3, in violation of New York Penal Law Sections 135.20 and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT THIRTEEN
(Kidnapping of John Doe #3)

66. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

67. On or about and between July 10, 2002 and July 11, 2002, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DAMION HARDY, also known as "World," together with others, for the purpose of maintaining and increasing his position in the Cash Money Brothers, an enterprise engaged in racketeering activity, did knowingly and intentionally kidnap John Doe #3, in violation of New York Penal Law Sections 135.20 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FOURTEEN
(Conspiracy to Rob John Doe #3)

68. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

69. In or about July 2002, within the Eastern District of New York and elsewhere, the defendant DAMION HARDY, also known as "World," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the robbery of John Doe #3, a narcotics trafficker in Queens, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT FIFTEEN
(Attempted Robbery of John Doe #3)

70. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

71. On or about and between July 10, 2002 and July 11, 2002, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DAMION HARDY, also known as "World," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce

and the movement of articles and commodities in commerce by the robbery of John Doe #3, a narcotics trafficker in Queens, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT SIXTEEN
(Use of a Firearm - Murder of James Hamilton)

72. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

73. On or about August 1, 2000, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, did knowingly and intentionally possess a firearm in furtherance of crimes of violence, to wit: the crimes charged in Counts Five and Six, and did knowingly and intentionally use and carry a firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT SEVENTEEN
(Causing Death of James Hamilton Through the Use of a Firearm)

74. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

75. On or about August 1, 2000, within the Eastern District of New York, the defendants DAMION HARDY, also known as "World," AARON GRANTON, also known as "E-Bay" and "Eric Moore," and ABUBAKR RAHEEM, also known as "Kim Crandall," in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Fifteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a first degree murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants DAMION HARDY, AARON GRANTON and ABUBAKR RAHEEM, with malice aforethought, did unlawfully kill James Hamilton, also known as "JR," willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT EIGHTEEN
(Use of a Firearm - Murder of Ivery Davis)

76. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

77. On or about August 10, 2000, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World" and AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, did knowingly and intentionally possess a firearm in furtherance of crimes of violence, to wit: the crimes charged in Counts Seven and Eight, and did knowingly and intentionally use and carry a firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT NINETEEN
(Causing Death of Ivery Davis Through the Use of a Firearm)

78. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

79. On or about August 10, 2000, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," and AARON GRANTON, also known as "E-Bay" and "Eric Moore," in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Eighteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a first degree murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants DAMION HARDY and AARON

GRANTON, with malice aforethought, did unlawfully kill Ivery Davis, also known as "Peanut," willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT TWENTY
(Use of a Firearm - Murder of Tyrone Baum)

80. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

81. On or about July 25, 2003, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," and ABUBAKR RAHEEM, also known as "Kim Crandall," together with others, did knowingly and intentionally possess a firearm in furtherance of crimes of violence, to wit: the crimes charged in Counts Ten and Eleven, and did knowingly and intentionally use and carry a firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT TWENTY-ONE
(Causing Death of Tyrone Baum Through the Use of a Firearm)

82. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

83. On or about July 25, 2003, within the Eastern District of New York, the defendants DAMION HARDY, also known as "World," and ABUBAKR RAHEEM, also known as "Kim Crandall," in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a first degree murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants DAMION HARDY and ABUBAKR RAHEEM, with malice aforethought, did unlawfully kill Tyrone Baum willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT TWENTY-TWO
(Use of a Firearm - Kidnaping/Robbery of John Doe #3))

84. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

85. On or about and between July 10, 2002 and July 11, 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAMION HARDY, also known as "World," together with others, did knowingly and intentionally possess a firearm in furtherance of crimes of violence, to wit: the crimes charged in Counts Twelve

through Fifteen, and did knowingly and intentionally use and carry a firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT TWENTY-THREE
(Cocaine Base Distribution Conspiracy)

86. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

87. In or about and between 1991 and August 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," and AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWENTY-FOUR
(Distribution of Cocaine Base)

88. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

89. In or about and between 1991 and August 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAMION HARDY, also known as "World," and AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 grams or more of a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-FIVE
(Murder-for-Hire)

90. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

91. On or about and between October 27, 2001 and October 28, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, knowingly and intentionally used and caused another to use facilities in interstate commerce, to wit: a telephone and two-way, text messaging pager, with intent that a murder be committed, in violation of Section 125.25 of the New York Penal Law, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, and the death of Troy Singleton did result.

(Title 18, United States Code, Sections 1958, 2 and 3551 et seq.)

COUNT TWENTY-SIX
(Conspiracy to Commit Murder-for-Hire)

92. The allegations contained in paragraphs 1 through 5 and 45 and 46 are realleged and incorporated as if fully set forth in this paragraph.

93. In or about October 2001, within the Eastern District of New York and elsewhere, the defendant AARON GRANTON, also known as "E-Bay" and "Eric Moore," together with others, knowingly and intentionally conspired to use and cause another to use facilities in interstate commerce, to wit: a telephone and two-way, text messaging pager, with intent that a murder be committed, in violation of Section 125.25 of the New York Penal Law, as consideration for the receipt of, and as consideration

for a promise and agreement to pay, something of pecuniary value, and the death of Troy Singleton did result.

(Title 18, United States Code, Sections 1958 and 3551 et seq.)

NOTICE OF SPECIAL FINDINGS
(Murders of Michael Colon, Ivery Davis and Johan Camitz)

94. The allegations contained in Paragraphs 1 through 93 are realleged and incorporated as if fully set forth in this paragraph.

95. The defendant DAMION HARDY was 18 years or older at the time he committed the offenses charged in Counts Three, Eight, Nine and Nineteen.

(Title 18, United States Code, Section 3591(a))

96. The defendant AARON GRANTON was 18 years or older at the time he committed the offenses charged in Counts Eight, Nine and Nineteen.

(Title 18, United States Code, Section 3591(a))

97. As to Counts Three, Eight and Nineteen, the defendant DAMION HARDY intentionally killed Michael Colon (Count Three) and Ivery Davis (Counts Eight and Nineteen).

(Title 18, United States Code, Section 3591(a)(2)(A))

98. As to Counts Eight and Nineteen, the defendant AARON GRANTON intentionally killed Ivery Davis.

(Title 18, United States Code, Section 3591(a)(2)(A))

defendant DAMION HARDY intentionally inflicted serious bodily injury that resulted in the death of Michael Colon (Count Three) and Ivery Davis (Counts Eight and Nineteen).

(Title 18, United States Code, Section 3591(a)(2)(B))

100. As to Counts Eight and Nineteen, the defendant AARON GRANTON intentionally inflicted serious bodily injury that resulted in the death of Ivery Davis.

(Title 18, United States Code, Section 3591(a)(2)(B))

101. As to Counts Three, Eight, Nine and Nineteen, the defendant DAMION HARDY intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Michael Colon (Count Three), Ivery Davis (Counts Eight and Nineteen) and Johan Camitz (Count Nine) died as a direct result of the act.

(Title 18, United States Code, Section 3591(a)(2)(C))

102. As to Counts Eight, Nine and Nineteen, the defendant AARON GRANTON intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and

Ivery Davis (Counts Eight and Nineteen) and Johan Camitz (Count Nine) died as a direct result of the act.

(Title 18, United States Code, Section 3591(a)(2)(c))

103. As to Counts Three, Eight, Nine and Nineteen, the defendant DAMION HARDY intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Michael Colon (Count Three), Ivery Davis (Counts Eight and Nineteen) and Johan Camitz (Count Nine) died as a direct result of the act.

(Title 18, United States Code, Section 3591(a)(2)(D))

104. As to Counts Eight, Nine and Nineteen, the defendant AARON GRANTON intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Ivery Davis (Counts Eight and Nineteen) and Johan Camitz (Count Nine) died as a direct result of the act.

(Title 18, United States Code, Section 3591(a)(2)(D))

105. As to Counts Eight and Nine, the defendant DAMION HARDY committed the offense after having been previously convicted of a State offense punishable by a term of

imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, to wit: on or about June 2, 1999, the defendant was convicted in the Supreme Court, Kings County, of attempted assault in the second degree, in violation of New York Penal Law Sections 120.05 and 110.00.

(Title 18, United States Code, Section 3592(c)(2))

101. As to Count Eights and Nine, the defendant AARON GRANTON committed the offense after having been previously convicted of a State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, to wit: on or about November 9, 1995, the defendant was convicted in the Supreme Court, Kings County, of attempted robbery in the first degree, in violation of New York Penal Law Sections 160.15 and 110.00.

(Title 18, United States Code, Section 3592(c)(2))

102. As to Counts Eight and Nineteen, the defendants DAMION HARDY and AARON GRANTON committed the offense and, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to Ivery Davis.

(Title 18, United States Code, Section 3592(c)(5))

103. As to Counts Eight, Nine and Nineteen, the defendant AARON GRANTON committed the offense as consideration

for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

(Title 18, United States Code, Section 3592(c)(8))

104. As to Counts Three, Eight, Nine and Nineteen, the defendant DAMION HARDY committed the offense after substantial planning and premeditation to cause the death of Michael Colon (Count Three) and Ivery Davis (Counts Eight, Nine and Nineteen).

(Title 18, United States Code, Section 3592(c)(9))

105. As to Counts Eight, Nine and Nineteen, the defendant AARON GRANTON committed the offense after substantial planning and premeditation to cause the death of Ivery Davis (Counts Eight, Nine and Nineteen).

(Title 18, United States Code, Section 3592(c)(9))

A TRUE BILL

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#2004R02065/OCDETF# NY-NYE-0437
FORM DBD-34
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT of NEW YORK

Criminal Division

THE UNITED STATES OF AMERICA

DAMION HARDY, also as "World,"
AARON GRANTON, also known as "E-Bay" and "Eric Moore,"
ABUBAKR RAHEEM, also known as "Kim Crandall,"
**Defendants.**

## SUPERSEDING INDICTMENT

**(S-6)**

(T. 18, U.S.C., §§ 924(c)(1)(A)(iii), 924(j)(1), 1951(a), 1958, 1959(a)(1), 1959(a)(5), and 1962(c), 1962(d), 1963, 3591(a), 3592(c), 3593(a)(2), 2 and 3351 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(iii) and 846)

*A true bill.*

_______________ *Foreman*

*Filed in open court this* ________ *day,*

*of* ________ *A.D. 20* ____

_______________ *Clerk*

*Bail, $* ________

***AUSA Sean Haran, (718) 254-6176***