

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 25, 2015

By ECF

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Damion Hardy et al. 04-CR-706 (S-6) (FB)

Dear Judge Block,

  The government respectfully moves in limine to limit cross-examination of cooperating witness Allen Bryant concerning specific instances of conduct that are not probative of truthfulness or untruthfulness. See Fed. R. Evid. 608(b). By way of background, portions of this motion in limine was granted by the Honorable David G. Trager on June 18, 2008, in the related case of United States v. Abubakr Raheem, 04 CR 706. See Attached Transcript, June 18, 2008.

A. Background

  Bryant has been incarcerated since his arrest in April 2004. Soon after his incarceration, he began to write a memoir (or "book") in which he described various crimes he committed at the age of 14, including murder, narcotics trafficking and assault. Bryant provided the memoir over to the government, and it has been disclosed to the defendants as part of Bryant's 3500 material.

  For the reasons set forth below, we move to preclude cross-examination about the following, which Bryant discusses in the book: (1) Bryant's accounts of his sexual activities, including references to the women with whom he had sex; (2) his account of how and why, at the age of 14, he shot a woman he identifies in the book as "Evelyn"; (3) his description of how, faced with the prospect of a fist fight with an older girl who was bigger than him, he pointed a

gun at her and threatened to shoot her; and (4) his description of his presence at the murder of a drug rival in Pittsburgh, PA, in which the defendant Damion Hardy was a participant.[1]

B.     Argument

These incidents do not constitute proper impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), because they do not relate to issues to be tried nor to the witness's capacity for truthfulness. United States v. Estrada, 430 F.3d 606, 615-17 (2d Cir. 1995) ("crimes of violence," generally have limited probative value or relevance to a witness' credibility and may be justifiably excluded; crimes resulting from a "short temper, a combative nature, extreme provocation" generally have "little or no direct bearing on honesty and veracity.") (citing Gordon v. United States, 383 F.2d 936, 950 (D.C. Cir. 1967)).

Federal Rule of Evidence 608(b) provides that "[s]pecific instances of conduct of a witness" may be inquired into on cross-examination "if probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b). "If all that can be said about behavior is that it might be called improper, immoral, or unlawful . . . asking about it cannot be justified under Fed. R. Ev. 608." Id. at 2 (quoting 3 Mueller & Kilpatrick § 6:33(3d Ed.) at 214). See also United States v. Devery, 935 F. Supp. 393, 406 (S.D.N.Y. 1996)(excluding cross-examination of government witness's alleged rape of stepdaughter; misconduct not involving "falsehood, fraud or deceit, remote in time, and highly inflammatory" weigh in favor of restricting cross-examination.).[2]

The Court has broad discretion in decisions regarding the scope and extent of cross-examination. A "trial judge has 'wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things . . . interrogation that is repetitive or only marginally relevant.'" United States v. Maldonado-Rivera, 922 F.2d 934, 956 (2d Cir. 1990) (quoting Delaware v. Van Arsdall, 475 U.S. 673 (1986)). "It is settled that 'the scope and extent of cross-examination lies within the discretion of the trial judge.'" United States v. Scarpa, 913 F.2d 993, 1018 (2d Cir. 1990) (quoting United States v. Blanco, 861 F.2d 773, 781 (2d Cir. 1988)); see United States v. Rahme, 813 F.2d 31, 37 (2d Cir.1987) (scope and extent of cross within sound discretion of the court)

None of the incidents contained in Bryant's memoir, or his descriptions of them, are probative of truthfulness. See United States v. Rosa, 11 F.3d 315, 336 (2d Cir. 1993) (no abuse of discretion to exclude from cross-examination evidence of rape "as having an

---

[1] The government does not intend to elicit evidence about Hardy's participation in this murder in its direct case.

[2] Rule 609 is inapplicable here because Bryant was not convicted of a felony stemming from any of these incidents.

insufficient bearing on the witness's credibility"); Eng v. Scully, 146 F.R.D. 74 (S.D.N.Y. 1993) "Murder is not necessarily indicative of truthfulness, and the probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice."). Moreover, these incidents, which have not risen to the level of a criminal conviction, occurred when Bryant was a young teenager nearly twenty-five years ago. See Fed.R.Evid. 609(b) (evidence of more–than–10–year–old conviction inadmissible "unless" court determines its probative value substantially outweighs prejudicial effect). In addition, as noted above, the defendant will have ample material with which to cross examine Bryant, including numerous charged murders where Bryant is present as an enforcer or shooter, as well as other instances in which Bryant shot people.

C.  Conclusion

Accordingly, the defense should be precluded from cross examining Bryant about the instances described above.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____

Soumya Dayananda
Assistant U.S. Attorney
(718) 254-7996