UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

DAMION HARDY, also known as
"World,"

             Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 04-CR-706-FB-2

**BLOCK, Senior District Judge:**

    Damion Hardy moves for an order declaring him incompetent to stand trial pursuant to 18 U.S.C. § 4241. Having considered the testimony and other evidence adduced at a hearing held on March 24, 2015, as well as the parties' post-hearing submissions, the Court finds Hardy competent by a preponderance of the evidence. Accordingly, the motion is denied.[1]

    To be competent to stand trial, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings

---

[1] The Court's finding makes it unnecessary to decide whether the government bears the burden of proving competency or whether the defendant bears the burden of proving incompetency. *See United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) ("The federal statute providing for competency hearings does not allocate the burden of proof, and neither the Supreme Court nor this court has decided as a matter of statutory construction whether the government or defendant bears the burden.").

against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). In 2008, both the government and defense counsel agreed that Hardy did not meet that standard as a result of paranoid schizophrenia. In 2012, the Court authorized the Bureau of Prisons ("BOP") to involuntarily administer antipsychotic medication, both to address the danger he posed to others and to attempt to restore his competency. *See United States v. Hardy*, 878 F. Supp. 2d 373, 386-87 (E.D.N.Y. 2012). Addressing only the first of those two grounds, the Second Circuit affirmed. *See United States v. Hardy*, 724 F.3d 280, 296-97 (2d Cir. 2013).

Status updates from BOP reflected improvements in Hardy's conditions, and defense counsel raised no objection to a November 2014 report from BOP psychologist Lea Ann Preston Baecht concluding that Hardy was competent to stand trial. Last month, however, defense counsel reported continued difficulties communicating with Hardy. Those concerns centered around Hardy's demand to speak with the government's attorneys, and his insistence that the charges against him would be dismissed once he did so.

The Court declines to infer from Hardy's conduct that he is unable rationally to understand the charges against him or to consult with counsel in preparing a defense. To the contrary, Dr. Preston Baecht's report of March 23, 2015, paints an entirely logical picture:

2

> [Hardy] stated that he wishes to speak to the prosecutors because "after I tell them what I have to tell them, they'll see if I'm innocent or guilty." When asked exactly what information he could provide them, he stated he could give them names of new people they were not aware of as well as information on indiciauls already known to be involved in the case. He stated, [I have] a lot to offer." . . . When I asked him if he believed he would be exonerated and released if given the opportunity to meet with prosecutors, he stated that he would be exonerated because "I am innocent." At that point, it was explained that it was my understanding that his expectation of being released was completely unrealistic, and that typically individuals have to admit some wrongdoing in order to be offered a deal. At that point, he nodded and stated he wanted to cooperate and would be willing to "cop to some things."
>
> When asked if he has discussed other defense strategies with his defense counsel, he stated, "No, what's there to talk about?" He went on to say, "They don't have anything but cooperating witnesses. People that's lying . . . It's my word against their word. That's enough for reasonable doubt."

Gov't Ex. 6 at 18. This colloquy demonstrates that Hardy insists that he is innocent and that the case against him is based on the testimony of witnesses who are lying to secure more lenient treatment for themselves. It further demonstrates Hardy's rational—even sophisticated—understanding that it might be in his best interest to cooperate himself. Such beliefs are hardly delusional.

Other aspects of Dr. Preston Baecht's report, as elaborated by her hearing testimony, bolster the Court's conclusion that Hardy is competent. She reported that Hardy "may still endorse some delusional beliefs" concerning, for example,

3

his identity and the existence of a Supreme Court case ordering his release under "Ethou law." *Id.* at 15. She noted, however, that "he is no longer preoccupied with these beliefs to the extent that he cannot be re-directed or consider other possibilities." *Id.* Given Dr. Preston Baecht's extensive interactions with Hardy, the Court finds her opinion more persuasive than the contrary opinion of defense psychiatrist Richard Dudley, who met with Hardy for a total of four hours beginning in January 2015.

In addition, Dr. Preston Baecht's report and testimony are corroborated by other evidence. Hardy has filed *pro se* motions to dismiss the indictment and to have new counsel appointed. Both filings reflect Hardy's ability to present logical (if incorrect) legal arguments in an articulate manner. Although the motion to dismiss the indictment does mention the nonexistent Supreme Court case ordering his release, it does not—consistent with Dr. Preston Baecht's observation—so dominate Hardy's reasoning as to prevent him from making other, more rational points.

Finally, the Court has observed Hardy in person and by video. Previously obstreperous, Hardy was respectful during the March 24th hearing and in subsequent proceedings. The Court is confident that the change in Hardy's behavior betokens an improved rational understanding of the case and ability to

consult with counsel should he choose to do so.

For the foregoing reasons, Hardy's motion to be declared incompetent to stand trial is denied.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 1, 2015