UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

DAMION HARDY,

        Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
04-CR-706 (S-6)

**BLOCK, Senior District Judge:**

After a four-week jury trial, Damion Hardy was convicted of 23 crimes, including racketeering, murder, unlawful use of a firearm, and drug distribution; he was sentenced to life plus 85 years.   His convictions and sentence were affirmed on appeal, *see United States v. Granton*, 704 F. App'x 1 (2d Cir. 2017), and the Supreme Court denied certiorari, *see* 138 S. Ct. 1308 (2018).

Hardy then moved to set aside his convictions and sentence pursuant to 28 U.S.C. § 2255.   Although his motion is prolix, it boils down to two issues, which the Court addresses in turn:

**I**

21 U.S.C. § 846 makes it a crime to "attempt[] or conspire[]" to violate other federal drug laws, including distribution of narcotics.   Hardy argues that his § 846 must be vacated because the lack of an "overt act" requirement renders the statute unconstitutionally vague.   He further argues that his counsel were constitutionally

1

ineffective for failing to raise the issue and secure dismissal of that count.

It is well-established that § 846 does not require an overt act: "[A]n indictment under 21 U.S.C. s 846 is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific overt act in furtherance of the conspiracy." *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975). While the Second Circuit has apparently never addressed a vagueness challenge to § 846, the circuits that have have rejected them. *See United States v. Paz-Alvarez*, 799 F.3d 12, 28 (1st Cir. 2015) ("The statutes, in conjunction with our case law, gave [the defendant] fair warning that knowingly participating in a drug conspiracy with the requisite intent could expose him to criminal penalties."); *United States v. Cooper*, 606 F.2d 96, 98 (5th Cir. 1979) ("[T]he statute, by reference, sufficiently apprises all persons of the illegality of any agreement to possess and distribute a totally prohibited drug such as heroin."). Given its clear definition of the elements of a § 846 conspiracy—"the existence of a conspiracy and the defendant's willful[ly] joining it," *United States v. Story*, 891 F.2d 988, 992 (2d Cir. 1989)—the Court has no doubt that the Second Circuit would reject a vagueness challenge. It follows that Hardy's counsel were not ineffective for failing to raise such a challenge. *See, e.g.*, *Cimino v. United States*, 2018 WL 1166615, at *7 (S.D.N.Y. Feb. 20, 2018) ("[S]ince counsel did not provide ineffective assistance by not pressing a losing

argument, defendant suffered no prejudice.").

## II

Relatedly, Hardy argues that the evidence was insufficient to support his § 846 conviction.   To the contrary, numerous cooperating witnesses testified as to Hardy's leadership of, and knowing participation in, an extensive drug operation.

Hardy seems to suggest that the lack of any testimony from actual drug buyers was fatal to the government's case, but he is incorrect.   Hardy could have been convicted of a distribution *conspiracy* without any evidence of actual drug sales.   In any event, "the fact that a conviction may be supported only by the uncorroborated testimony of a single accomplice is not a basis for reversal if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990).

That some of the evidence was admitted as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) does not change the result.   It is true that admissibility under that rule requires "some independent corroborating evidence of the defendant's participation in the conspiracy." *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996) (citing *Bourjaily v. United States*, 483 U.S. 171 (1987)). But the issue in *Tellier* was whether a single out-of-court statement by an alleged co-conspirator was sufficient, standing alone, to make the statement admissible. Here, by contrast, the out-of-court statements were corroborated by the co-

conspirators' own in-court testimony, the testimony of other co-conspirators, and/or the testimony of law enforcement and other witnesses.

## III

Accordingly, Hardy's § 2255 motion is denied.  Because he has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                       _/S/ Frederic Block_____
                       FREDERIC BLOCK
                       Senior United States District Judge

Brooklyn, New York
September 28, 2021